RECEIPT # 55220
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK T.O.M
DATE 4/13/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARIA C. PREZIO,                )
          Plaintiff,            )
v.                              )   CASE NO.:
                                )
NATIONAL RAILROAD PASSENGER     )
CORPORATION,                    )
          Defendant.            )

**04 10747 REK**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

MAGISTRATE JUDGE Bowler

**Jurisdictional Statement**

Jurisdiction over this claim is conferred upon this court pursuant to 28 U.S.C. §§1331 and 1349. Venue is properly within the District of this Court pursuant to 18 U.S.C. §1965(a) and 28 U.S.C. §1391 et seq. By this action, the plaintiff seeks redress for the defendant's negligent acts or omissions to act which caused the plaintiff to sustain personal and bodily injuries.

**THE PARTIES**

1. The plaintiff, Maria C. Prezio, is a natural person, citizen of the United States of America, and resides at 57 Snow Hill Street, Boston, Suffolk County, Massachusetts.

2. The defendant, National Railroad Passenger Corporation, is a for profit corporation.

3. More than one half of the capital stock of the defendant National Railroad Passenger Corporation is owned by the United States Department of Transportation.

4. The principal office of the defendant National Railroad Passenger Corporation is located at 60 Massachusetts Avenue, NE, Washington, DC.

5. The principal office of the defendant National Railroad Passenger Corporation in Massachusetts is located at 253 Summer Street, Suffolk County, Massachusetts.

6. On April 14, 2001, the plaintiff was a passenger on a train owned and operated by the defendant.

### NEGLIGENCE

7. On April 14, 2001, while exiting the defendant's train at North Station, Boston, Massachusetts, a metal platform on the car of the train owned and operated by the defendant fell on the plaintiff's right foot.

8. The metal platform as described above constituted a defective and hazardous instrumentality which resulted from the defendant's lack of due care.

9. The defendant knew or reasonably should have known of the defective and hazardous instrumentality which existed at the time and place alleged above.

10. The defendant failed to take any actions to remove or remedy the defective and hazardous nature of the instrumentality before the time the metal platform was caused to fall, as alleged above.

11.  At all times relevant to the allegations of this complaint, the plaintiff was exercising due care.

12.  As a result of the defendant's negligence, as alleged above, the plaintiff sustained personal and bodily injuries, pain, suffering, permanent disability, medical expenses, and loss of enjoyment of life.

WHEREFORE, the plaintiff respectfully requests this Honorable Court to enter judgment against the defendant in the sum of one hundred thousand ($100,000) dollars and for costs of bringing this action, interest, and such other relief as this Court deems just and proper.

### JURY DEMAND

The plaintiff hereby claims her right to have this complaint tried by a jury.

Respectfully submitted,

MARIA C. PREZIO
Plaintiff

By her Attorney,

*[signature]*

Edward Berkin
50 Congress Street, Suite 936
Boston, Massachusetts 02109-4008
(617) 248-2340
BBO No. 039480

DATED: April 13, 2004